IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

G&B TERMINAL, INC. and
DELTA AMERICAN FUELS, LLC                                    PLAINTIFFS

v.                            CASE NO. 2:08CV00095 BSM

MYER HERSZBERG                                                DEFENDANT

## **ORDER**

Pending before the court are defendant's Motion to Compel Arbitration and For Stay [Doc. # 18] and plaintiffs response. Defendant's motion is granted for the reasons set forth below.

## I.  FACTS

Plaintiff G & B Terminal, Inc. (G & B), is an Arkansas Corporation. Plaintiff Delta American Fuels, LLC (Delta) is an Arkansas limited liability company. Defendant Herszberg is a resident of Melbourne, Australia, and has consented to personal jurisdiction in this court.

On September 9, 2006, G & B and Safer Energy, LLC entered into two separate agreements, a Purchase Agreement and a Design-Build Agreement, for the construction of a bio-diesel plant in Phillips County, Arkansas. The Purchase Agreement incorporates the Design-Build Agreement by reference and the Design-Build Agreement states that it is a part of the Purchase Agreement. An essential term of the agreements was for the "system to achieve Commercial Operation not later than 40 weeks after Safer's receipt of notice to proceed." [Complaint ¶ 9]. Section 4.5.4 of the Purchase Agreement provides that the

agreements will be governed by and construed in accordance with the laws of the State of Arkansas. Section 11.1 of the Design-Build Agreement provides:

> Agreement to arbitrate. Any controversy or claim arising out of or relating to this Agreement or its breach, except for claims which have been waived by the making or acceptance of final payment, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in effect unless the parties mutually agree otherwise. Notwithstanding Section 13.2, this agreement to arbitrate shall be governed by the Federal Arbitration Act.

Delta, subsequently, entered into an agreement with G & B to lease the facility. On or about September 4, 2006, Herszberg executed and delivered a guaranty to plaintiffs guaranteeing Safer's work on the project. The guaranty provides that "the Purchase Agreement, the Design-Build Agreement, the Site Plans and Specifications, the System Plans and Specifications, the Performance Standards, and all other exhibits and schedules attached thereto are hereinafter collectively referred to as the 'Agreement' and are each incorporated herein by this reference." Safer failed to complete the project in a timely manner and plaintiffs have twice made demands upon Herszberg to honor his obligation set forth in the guaranty.

On May 20, 2008, plaintiffs filed their complaint in this court against Herszberg for failure to comply with the terms of the guaranty. Plaintiffs assert that they are entitled to judgment against Herszberg in the amount of $3,000,000, plus pre-judgment interest and post-judgment interest, costs, and attorneys' fees. Herszberg filed his answer to the complaint on June 30, 2008, and has now moved to compel arbitration and for stay.

II.  STANDARD

There is a strong federal policy favoring arbitration.  *Faber v. Menard, Inc.*, 367 F.3d 1048, *1052 (8th Cir. 2004).  The Federal Arbitration Act mandates that courts shall direct parties to arbitration on issues to which an arbitration agreement has been signed.  *ITT Hartford Life & Annuity Ins. Co. v. Amerishare Investors, Inc.*, 133 F.3d 664, *668 (8th Cir. 1998).  There is a presumption of arbitrability if the governing agreement contains an arbitration clause.  *Id.*  Arbitration should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.  *Id.*  Ambiguities as to the scope of an arbitration clause are resolved in favor of arbitration.  *Id.*  Neither state nor federal law confers a right of arbitration; the right must be found in a contract between the parties seeking to compel arbitration.  *Id.*  A party who has not agreed to arbitrate a dispute cannot be forced to do so.  *Id.*; *see Hudson v. ConAgra Poultry Co.,* 484 F.3d 496, *500 (8th Cir. 2007).

In addressing a motion to compel arbitration, the district court must ask (1) whether there is a valid arbitration agreement and (2) whether the particular dispute falls within the terms of that agreement.  *Express Scripts, Inc. v. Aegon Direct Marketing Servs., Inc.*, 516 F.3d 695, *699 (8th Cir. 2008); *E.E.O.C. v. Woodmen of World Life Ins. Soc'y*, 479 F.3d 561, *565 (8th Cir. 2007); *Faber*, 367 F.3d at *1052.  Whether an arbitration agreement is valid is a matter of state contract law.  *E.E.O.C.*, 479 F.3d at *565; *Faber*, 367 F.3d at *1052.  Arbitration agreements are examined in the same way as other contractual agreements, and

the same rules of construction and interpretation apply to arbitration agreements as apply to agreements in general. *Ribble v. Alcoa, Inc.*, No. 05-CV-1122, (W.D. Ark. Mar. 15, 2007) (memorandum opinion).

## III.  DISCUSSION

A.   <u>Whether there is a valid arbitration agreement between the parties</u>

Generally the terms of an arbitration contract do not apply to those who are not parties to the contract. *American Ins. Co. v. Cazort*, 316 Ark. 314, *320, 871 S.W.2d 575, **579 (1994). However, nonsignatories to a contract may be deemed as parties, through ordinary contract and agency principles for the purposes of the Federal Arbitration Act. *Id.* at *321, 871 S.W.2d at **579. Nonsignatories which have been deemed parties to such contracts include guarantors. *Id.* Furthermore, in Arkansas, when a written contract refers to another instrument and makes the terms of that instrument a part of the contract, the two are construed together as the agreement of the parties. *F & M Bldg. P'ship v. Farmers & Merchants Bank, Rogers, Ark.*, 316 Ark. 60, *67, 871 S.W.2d 338, **343 (1994); *Isbell v. Ed Ball Constr. Co., Inc.*, 310 Ark. 81, *85, 833 S.W.2d 370, **372 (1992); *Int'l Graphics, Inc. v. Bryant*, 252 Ark. 1297, *1299, 482 S.W.2d 820, *821 (1972).

Here, the guaranty was executed five days prior to the date that the agreements between plaintiffs and Safer were entered. Indeed, the record indicates that the agreements were in part predicated upon the execution of the guaranty. These facts, coupled with the fact that the guaranty specifically incorporates the agreements, persuades the court that the

arbitration agreement is valid and exists between Herszberg and the plaintiffs.

B.  Whether the dispute between the parties falls within
the terms of the arbitration agreement

Plaintiffs' claims against Herszberg arise because Safer failed to perform pursuant to the terms of the agreements. The arbitration clause covers disputes relating not only to the Design-Plan Agreement but also the Purchase Agreement. A key term of the agreements was that Safer complete the project within forty weeks, which is the essential issue in question in this case. The guaranty provided that, upon Safer's failure to perform, Herszberg would either cause Safer to fulfill all of its obligations under the agreements or would pay plaintiffs $3,000,000. In that the arbitration agreement controls instances where there is a breach of either the agreements or the guaranty, the court finds that the present dispute must go to arbitration.

## IV.  CONCLUSION

A valid arbitration agreement exists between the parties and the dispute between the parties falls within the terms of that agreement. Defendant's motion to compel arbitration [Doc. # 18] is granted and the proceedings in this matter are stayed in their entirety pending arbitration.

IT IS SO ORDERED this 1st day of October, 2008

_____
UNITED STATES DISTRICT JUDGE

5